## Phila., to use of J. O'Rourke, now to use of Charles Mayhew, Appellant, v. William J. Kelly.

*Contract—Set-off—Municipal lien—Paving—Parol evidence—Usury.*

An agreement in writing set forth that one of the parties had a contract to pave a street, and was desirous of borrowing money from the other party so as to complete the contract. The agreement further provided for an allowance to the lender of ten per cent upon all bills that he might have to pay, by reason of his being the owner of real estate upon the line of the street, to the extent of the amount borrowed. There was no provision in the agreement as to how or when the amount borrowed should be repaid. After the paving was done a municipal lien was filed against the property of the lender. *Held*, that the lender could show by parol evidence that the agreement between him and the contractor was that the amount borrowed should go as against the claim of the contractor for paving.

In the above case, as no time was set for the repayment of the money, the deduction of ten per cent was not usurious.

Argued Jan. 9, 1895. Appeal, No. 494, Jan. T., 1894, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1889, No. 59, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Sci. fas. sur municipal liens. Before PENNYPACKER, J.

At the trial, it appeared that John O'Rourke had a contract for paving Ontario street, and that William J. Kelly was the owner of property on the line of that street. O'Rourke and Kelly entered into the following agreement in writing:

" Whereas John O'Rourke has entered into a contract with the city of Philadelphia to pave Ontario street between Frankford road and Tulip street with Belgian blocks, as a reference to said contract will more fully show. And whereas he is

desirous of borrowing from William J. Kelly the sum of three thousand five hundred dollars so as to complete said contract, now this agreement witnesseth that the said John O'Rourke, in consideration of the premises and the loaning of the money aforesaid by the said William J. Kelly, agrees to and with the said William J. Kelly, to allow him a reduction of ten per cent on all bills that he, the said William J. Kelly, may have to pay by reason of his being an owner of real estate upon the line of said street, to the extent of $3,500. Said money to be loaned as follows : five hundred and seventy-five dollars thereof to be paid to the said O'Rourke one week after he has commenced grading the said street, and the balance, twenty-nine hundred and twenty-five dollars, to be paid him at the rate of sixty-nine cents per square yard, weekly, as the contract progresses, excluding intersections, for which the city is to pay. It being particularly understood and agreed, however, that in the grading of the said street all dirt removed therefrom shall be placed on other ground of the said William J. Kelly as the said William J. Kelly may direct, without expense for so doing to the said William J. Kelly. In witness whereof the parties hereto have set their hands and seals this 15th day of May, 1888."

The total amount of the paving claim was $4,492.73, and the total amount paid by defendant to the contractor was $4,340.99. The latter amount included the $3,500 loaned.

Defendant, under objection and exception, was permitted to show by his own testimony that the agreement between the parties was that the $3,500 loaned by him, or any further sum loaned by him, should be on account of the money which Kelly owed to O'Rourke by reason of the paving done by O'Rourke in front of Kelly's property, and there should be no return of that money by O'Rourke to Kelly; and that the money which Kelly paid went on account of the paving done; that he has never demanded the money from O'Rourke and never had any thought or intention of demanding it, that it was payment of so much on account of the claims, and was so understood when the agreement was made. [1]

Defendant, under objection and exception, gave in evidence the following receipt, signed by O'Rourke :

" Received, Philadelphia, June 23d, 1888, of William J. Kelly, two hundred and twelve dollars in advance for paving Ontario

street, to be used as follows: Sixty-two dollars to pay city solicitor, one hundred and thirty dollars to pay labor grading, ten dollars to pay surveyor and ten dollars to pay self." [3]

The court charged in part as follows:

" [The total amount of the paving bills, as shown by the surveyor's certificates, and testified to by Mr. Kelly, amounted to $4,492.73, so that there is a balance between the $4,340.99 paid and the $4,492.73, of $151.74, as I make the calculation. The calculation is one for you to make, however, and not for me. This sum would be increased to some extent by an item of interest. Both parties, I believe, agree that interest ought to be charged up to the time of a continuance of the suit in No. 1 Court, the continuance of an attachment suit which, as I recall the testimony, was about September, 1890. Mr. Zane and Mr. Kelly have testified that at that time there was an agreement between the parties that no further interest should be charged. Mr. Sparhawk, on the other hand, says that the agreement was that there was no interest to be charged until after the settlement of the attachment suit, which was settled on the thirty-first of March, 1891. In other words, he contends that the interest would be lessened to the extent of about six months' interest. That is a question for you to determine.] [10]

" [Now, there being a balance upon the claim of the paving of $151.74 with the interest in addition, it is a question for you to determine as to whether that amount, or in what way that amount, is to be recovered. A man paying on account of various claims under the law may appropriate the sums which he paid to any one, or either of them. That is within his power. If, at the time he makes a payment, he wants it to be appropriated to one of several of the claims which are held against him, he may make such appropriation. If there was such an appropriation made at the time by the defendant, then it would go as against the claim to which the appropriation was made, in settlement of that claim. If he does not make the appropriation, it is within the power of the other party to appropriate the money to any one of those claims. In this aspect of it, if there was an appropriation made by either of them, it is difficult to see how there can be a recovery on the part of the plaintiff upon more than one of these suits, because at whichever end you begin to make the appropriation of payments there would be a

payment of all of them with the exception of the last one. If there was no appropriation by the parties, the law would appropriate the sums to the first bills which came due. If these bills came due at the same time, if there was no difference in the dates at which they accrued, then you would have to distribute the amount which is due pro rata, among all of the claims, including those for paving, as I said, beyond Amber street and Arcadia street.] " [11]

Plaintiff's points were as follows:

"1. The defendant was indebted to the plaintiff, O'Rourke, for paving and for curb-setting. The sum total of these two amounts constitutes his indebtedness. If the jury find that it was the contract between O'Rourke and the defendant that the $3,500 advanced under the contract between them should be set off against the paving claim, there would still be a balance due on the paving claim for which the plaintiff is entitled to a verdict." Refused. [5]

" 2. Unless the jury are satisfied that there was a contract to appropriate all advances made under that contract to the paving claim, it is the duty of the jury to appropriate such advances to the unsecured claim, and if there is a balance still due, to give a verdict for the plaintiff for the amount so due upon the liens as they shall be apportioned." Refused. [6]

" 3. The $300 stated in the contract between O'Rourke and the defendant to have been a commission cannot be claimed as a credit by the defendant if the jury are satisfied that it was a mere method of exacting usurious interest, and the defendant is not entitled to a credit for that amount." Refused. [7]

" 4. Usurious interest is any interest in excess of six per cent per annum, and it is immaterial what form may be adopted by the parties to a contract for the purpose of evading the usury law, if the transaction is essentially one in which the advance of money is to be compensated for by a payment in excess of six per cent per annum upon the amount advanced, the transaction is a usury contract, and nothing in excess of six per cent per annum can be claimed by the lender of the money. *Answer:* I decline that point as inapplicable to the present case." [8]

" 5. The defendant having admitted that out of his total payments to O'Rourke of $4,340.99, the sum of $651.72 was spe-

cifically appropriated to the payment of curb, there remains $3,689.29 only applicable to the paving claims, and the balance, therefore, is still due." Refused. [9]

Verdict for defendant. Plaintiff entered a rule for a new trial, which the court discharged on defendant paying into court the sum of $151.74. Judgment on verdict.

*Errors assigned* were (1, 3) rulings; (5–11) instructions; quoting bill of exceptions and instructions, but not quoting the evidence.

*N. Dubois Miller, John Sparhawk, Jr.*, with him, for appellant, cited, on question of parol evidence: Phillips v. Meily, 106 Pa. 536; Hoffman v. R. R., 157 Pa. 196. On question of appropriation of payments: Borland v. Murphy, 92 Pa. 91; Pardee v. Markle, 111 Pa. 551; Reed v. Ward, 22 Pa. 144; Hollister v. Davis, 54 Pa. 508; Johnson's Ap., 37 Pa. 274. On question of usury: Earnest v. Hoskins, 100 Pa. 551; Hartranft v. Uhlinger, 115 Pa. 270.

*Alexander & Magill* for appellee, not heard.

PER CURIAM, Jan. 21, 1895:

An examination of the record, with special reference to the several specifications, has failed to convince us that there is any substantial error in the rulings of the learned trial judge. Neither of the specifications is sustained.

Judgment affirmed.